## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WILMINGTON, a municipal | ) | C. A. No. 08-254 GMS |
| government, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT CITY OF WILMINGTON

Defendant, City of Wilmington ("City" or "Defendant"), by and through its undersigned attorney, states for its Answer and Affirmative Defenses to the Complaint of Robert Eno ("Eno" or "Plaintiff"), as follows:

1.     Paragraph 1 of the Complaint consists of Plaintiff's characterizations of his claims and therefore requires no responsive pleading. To the extent a response is required, the allegations of paragraph 1 are denied.

2.     Paragraph 2 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 2 are denied.

3.     Paragraph 3 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading. To the extent a responsive pleading is required, the allegations of paragraph 3 are denied.

4.     Admitted.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and therefore denies them.

6.      Paragraph 6 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 6 are denied.  It is specifically admitted, however, that the City is a municipal government.

7.      Denied as stated.  It is admitted only that Plaintiff was employed as a police officer.

8.      Denied as stated.  It is admitted only that Plaintiff was hired on or around July 5, 2005, and was terminated on or around November 6, 2007.

9.      Admitted in part, denied in part.  It is admitted only that Plaintiff attended the Wilmington Police Academy.  The balance of the allegations of paragraph 9 is denied.

10.     Admitted.

11.     The allegations contained in paragraph 11 refer to the written terms of a document and are therefore denied as stated.  Defendant respectfully refers the Court to the document for its complete and accurate contents.  It is specifically admitted, however, that Plaintiff was assigned to in-house administrative duty.

12.     Admitted in part, denied in part.  It is admitted that a probation status hearing was convened on or about January 31, 2007.  The balance of the allegations contained in paragraph 12 is denied.

13.     Denied as stated.  It is admitted only that the Chief did not make a decision on Plaintiff's probationary status at the time of the hearing.

14.    Admitted in part, denied in part.  It is admitted that Plaintiff was interviewed by the Professional Standards Division.  The balance of the allegations contained in paragraph 14 is denied.

15.    Denied as stated.  It is admitted only that Plaintiff remained on probation following the hearing and was assigned to in-house administrative hearing.  It is further admitted that Plaintiff's attorney spoke with an attorney with the City regarding the Plaintiff.  The balance of the allegations contained in paragraph 15 refers to the written terms of a document and is therefore denied as stated.  Defendant respectfully refers the Court to the document for its complete and accurate contents.

16.    Admitted in part, denied in part.  It is admitted, upon information and belief, that an attorney for the City discussed Plaintiff's upcoming Trial Board hearing with Plaintiff's attorney.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in paragraph 16 and therefore denies them.  Further, to the extent the remaining allegations of paragraph 16 of the Complaint consist of Plaintiff's legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the remaining allegations of paragraph 16 are denied.

17.    Denied as stated.  It is admitted only that it was determined that there may have been a failure to notify Plaintiff of the Trial Board hearing.

18.    Paragraph 18 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading.  To the extent a responsive pleading is required, the allegations of paragraph 18 are denied.

19.     Denied as stated.  It is admitted only that Plaintiff was notified that his employment was terminated after the Chief completed his probationary review.  It is further admitted that any subsequent Trial Board hearing was cancelled as moot.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendant incorporates its responses to the allegations of paragraphs 1-23 as if set forth fully herein.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendant incorporates its responses to the allegations of paragraphs 1-29 as if set forth fully herein.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     The allegations contained in paragraph 35 refer to the written terms of a document and are therefore denied as stated.  Defendant respectfully refers the Court to the document for its complete and accurate contents.

4

36.    Denied.

37.    Denied.

38.    Denied.

39.    Defendant incorporates its responses to the allegations of paragraphs 1-38 as if set forth fully herein.

40.    Denied.

41.    Paragraph 41 of the Complaint consists of Plaintiff's legal conclusions and therefore requires no responsive pleading.    To the extent a responsive pleading is required, the allegations of paragraph 41 are denied.

42.    Denied.

43.    Denied.

### AFFIRMATIVE DEFENSES

1.    The Complaint fails to state claims upon which relief could be granted.

2.    Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate the damages he alleges to have suffered.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, delay, acquiescence, ratification, waiver and estoppel.

4.    The actions and conduct of the Defendant, to the extent they occurred as alleged, did not rise to the level of a Constitutional violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

5.    Plaintiff cannot show an official policy, practice, procedure or custom sufficient to support a finding of municipal liability.

6. Plaintiff's § 1983 claims against the City are barred because no official with final policy-making authority ratified any alleged conduct taken as alleged in the Complaint, even if true.

7. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff's claims must be denied because the individual interests asserted by Plaintiff are not encompassed within the Fourteenth Amendment's protection.

9. Plaintiff's claims must be denied because the procedures made available to Plaintiff provided him with due process of law.

10. Plaintiff's claims are barred, in whole or in part, by the Delaware Workmen's Compensation Act codified at 19 *Del.C.* § 2301, *et. seq*.

11. Plaintiff's claims must be denied pursuant to the at-will employment doctrine.

12. To the extent Plaintiff's claims sound in tort, they are barred by the County and Municipal Tort Claims Act codified at 10 *Del.C.* § 4010, *et seq*.

13. Defendant reserves the right to add, amend, clarify or modify its defenses and answers to conform to such facts as may be revealed through discovery or otherwise.

DATED: June 29, 2008

CITY OF WILMINGTON

/s/ Gary W. Lipkin

Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendant
City of Wilmington